# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

KEITH MORTENSEN,

      Plaintiff,

      vs.                                      Civ.  No. 18-1121 KK/SMV

LIBERTY MUTUAL INSURANCE,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS MATTER** is before the Court on Defendant's Motion to Dismiss ("Defendant's Motion"), filed December 8, 2018.  (Doc. 3.)  Plaintiff filed a response in opposition to the motion on December 21, 2018, and Defendant filed a reply in support of it on January 5, 2019. (Docs. 5, 7.)  For the reasons discussed below, the Court finds that Defendant's Motion is well taken and shall be granted.

## I.      Background

Defendant Liberty Mutual Insurance[1] was, at all relevant times, Plaintiff Keith Mortensen's automobile insurer pursuant to a binding contract that included an uninsured motorist policy.  (Doc. 1-1 at 1.)  In relevant part, the policy reads as follows:[2]

**INSURING AGREEMENT**

    **A.**  We [the insurer] will pay damages which an "insured" is legally entitled to recover from the owner or operator of an:

---

[1] Defendant contends that its proper name is LM General Insurance Company.  (Doc.  3 at 1.)

[2] Defendant attached a copy of the insurance contract to its motion.  (Doc. 3-1.)  Plaintiff does not dispute the contract's authenticity, and it is referenced in and integral to Plaintiff's claims.  Accordingly, the Court will consider the contract in analyzing Defendant's Motion.  *See GFF Corp., v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997) ("[I]f a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss.")

      **1.** "Uninsured motor vehicle" or "underinsured motor vehicle" because of "bodily injury":

          **a.** Sustained by an "insured"; and

          **b.** Caused by an accident; and

      **2.** "Uninsured motor vehicle" or "underinsured motor vehicle" because of "property damage" caused by an accident.

    . . . .

**C.** "Property damage" as used in this endorsement means injury to or destruction of the property of an "insured".

(Doc. 3-1 at 1.)

Plaintiff's truck was stolen on December 10, 2017. (Doc. 1-1 at 2.) Plaintiff sought compensation from Defendant under the foregoing uninsured motorist policy, claiming that the theft constituted "property damage" and the policy therefore covered it. (*Id.*) Defendant denied the claim. (*Id.* at 2-3.)

Plaintiff filed a two-count Complaint for Declaratory Judgment and Damages in the Second Judicial District Court, County of Bernalillo, State of New Mexico, and Defendant removed the matter to this Court on the basis of diversity jurisdiction. (Docs. 1, 1-1.) In Count 1 of the Complaint, Plaintiff seeks a judgment declaring the parties' respective rights and obligations under the insurance contract and directing their behavior accordingly pursuant to New Mexico's Declaratory Judgment Act, NMSA 1978, Section 44-6-1 through 44-6-15. (Doc. 1-1 at 2.) In Count 2, Plaintiff seeks damages on the theory that Defendant breached its contractual obligation to compensate him for the losses he incurred due to the theft of his truck. (*Id.* at 2-3.)

In the motion presently before the Court, Defendant argues that Plaintiff has failed to state a claim upon which relief can be granted because, *inter alia*, the theft of Plaintiff's truck does not constitute "injury to or destruction of . . . property." (Doc. 3 at 2.) The Court concludes

that Plaintiff's Complaint should be dismissed on this ground, and therefore declines to address the other grounds for dismissal raised in Defendant's Motion.

## II.    The Legal Standards Governing a Motion to Dismiss

Dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6) is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000) (quotation omitted). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted." *Broker's Choice of Am., Inc. v. NBC Universal, Inc.*, 757 F.3d 1125, 1135 (10th Cir. 2014); *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). Accordingly, all well-pleaded factual allegations in the complaint are accepted as true and are viewed in the light most favorable to the non-moving party. *Burnett v. Mortgage Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013). However, the pleadings must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To achieve facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## III.    Analysis

The insurance policy at issue provides that Defendant will pay damages Plaintiff is legally entitled to recover from the owner or operator of an uninsured or underinsured motor vehicle because of "property damage," *i.e.*, "injury to or destruction of the property of an 'insured,'" caused by an accident. (Doc. 3-1 at 1.) Based solely on the allegation that his truck

was stolen,[3] Plaintiff claims that Defendant is liable for breach of contract for failing to compensate him for property damage under his uninsured motorist policy.

Defendant contends that the Court should dismiss Plaintiff's breach of contract claim because, as a matter of law, theft does not constitute property damage. (Doc. 3 at 8-14) In support of this contention, Defendant relies on NMSA 1978, Section 66-5-301(A), which requires automobile liability insurance policies to include uninsured and underinsured automobile coverage, and which is substantively identical to the scope of the at issue policy's coverage. (*Id.* at 3-4.) According to Defendant, Section 66-5-301(A) does not contemplate coverage for theft, and, because "the policy coverage does not differ from the statutorily required scope of coverage," the coverage issue may be resolved based on an analysis of Section 66-5-301. (*Id.* at 3.)

Plaintiff's argument that his uninsured motorist policy covers auto theft hinges on the meaning of the phrase "injury to or destruction of property" in New Mexico's Uninsured Motorist Act. NMSA 1978, § 66-5-301(A). Section 66-5-301 which governs "[i]nsurance against uninsured and unknown motorists," has three subsections. NMSA 1978, § 66-5-301. In Subsection A, the statute requires automobile liability policies in New Mexico to include coverage for

> injury to or destruction of property . . . for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of . . . injury to or destruction of property resulting therefrom[.]

NMSA 1978, § 66-5-301(A); *see Jordan v. Allstate Ins. Co.*, 245 P.3d 1214, 1221 (N.M. 2010) (holding that a policy that does not comport with New Mexico law regarding uninsured motorist

---

[3] Plaintiff does not allege that the thief was the owner or operator of an uninsured or underinsured motor vehicle or that an accident caused the loss of his truck.

coverage will be reformed to satisfy the law's requirements).  Subsection (B), in turn, requires "[t]he uninsured motorist coverage described in Subsection A" to include "underinsured motorist coverage," and defines an "underinsured motorist" as "an operator of a motor vehicle with respect to the ownership, maintenance or use of which the sum of the limits of liability under all bodily injury liability insurance applicable at the time of the accident is less than the limits of liability under the insured's uninsured motorist coverage."  NMSA 1978, § 66-5-301(B).  Finally, Subsection (C) sets a minimum deductible for, and discusses the insured's right to reject, uninsured motorist coverage.  NMSA 1978, § 66-5-301(C).

The New Mexico Supreme Court has not decided whether auto theft constitutes "injury to or destruction of property" under Section 66-5-301.  Thus, in considering Defendant's Motion, the Court must endeavor to predict how the New Mexico Supreme Court would resolve this issue.  *Wade v. EMCASCO Ins. Co.*, 483 F.3d 657, 666 (10th Cir. 2007).  In so doing, the Court should be guided by the decisions of New Mexico's lower courts, appellate decisions from other states with similar legal principles, district court decisions interpreting New Mexico law,[4] and the general weight and trend of pertinent authority.  *Id*.

In New Mexico, "[t]he guiding principle of statutory construction is that a statute should be interpreted in a manner consistent with legislative intent."  *Hovet v. Allstate Ins. Co.*, 89 P.3d

_____

[4] In a non-binding opinion issued in 2010 and two subsequent opinions in the same case, United States District Judge Browning addressed whether loss of use due to theft constitutes injury to or destruction of property under Section 66-5-301.  *Arnold v. Farmers Ins. Co.*, 760 F. Supp. 2d 1272 (D.N.M. 2010) ("*Arnold I*"); *Arnold v. Farmers Ins. Co.*, 827 F. Supp. 2d 1289 (D.N.M 2011) ("*Arnold II*"); *Arnold v. Farmers Ins. Co.*, 1:09-cv-00330-JB-WDS (Doc. 130, filed 5/10/2012) ("*Arnold III*").  Based on a survey of relevant authorities, Judge Browning concluded that "there are reasonable grounds to believe that the Supreme Court of New Mexico would follow the analysis of the courts that have held that theft of property does not constitute property damage under" Section 66-5-301.  760 F. Supp. 2d at 1301; *see also Arnold II*, 827 F. Supp. 2d at 1301 ("[A]s a matter of law, the Supreme Court of New Mexico would conclude that [Section 66-5-301] coverage would not include loss-of use damages arising from theft of personal property[.]"); *Arnold III*, 1:09-cv-0030-JB-WDS (Doc. 130 at 28) (confirming that "injury to or destruction of property" in Section 66-5-301 does not encompass loss of use from theft).  The reasons for the court's ruling changed between *Arnold I* and *Arnold II*.  Nevertheless, the Court finds Judge Browning's ruling persuasive for the reasons set forth in this Memorandum Opinion and Order.

69, 72 (N.M. 2004). In construing a statute, the New Mexico Supreme Court considers the statute's language, *id.*, and unless legislative intent indicates otherwise, ascribes "ordinary meaning" to the legislature's words. *State ex rel. Klineline v. Blackhurst*, 749 P.2d 1111, 1114 (N.M. 1988). Also, it considers each part of a statute in connection with every other part so that the statute is construed in context and interpreted as a harmonious whole. *Id.* at 1114. The New Mexico Supreme Court will not add requirements to the statute or read into it language that is not there. *Id.* Construing Section 66-5-301(A) according to these principles, the Court predicts that the New Mexico Supreme Court would hold that the New Mexico Legislature did not intend uninsured motorist coverage to compensate insureds for automobile theft.

The Uninsured Motorist Act does not define the phrase "injury to or destruction of property." Thus, unless legislative intent is to the contrary, it should be given its ordinary meaning. According to the vast majority of courts, the phrase "injury to or destruction of property" and its analog, "property damage," do not ordinarily denote theft. Steven Plitt *et al.*, Couch on Insurance, § 126.37 (3rd ed.) ("Consistent with the view that economic loss does not equal property damage, wrongful conversion or theft of property is also not regarded as 'property damage.'"); *see Collin v. Am. Empire Ins. Co.*, 26 Cal. Rptr. 2d 391, 407-08 (Cal. Ct. App. 1994) (collecting cases in support of the proposition that "[v]irtually every court to consider the question has agreed that 'conversion' of property is not 'property damage'"); *Arnold I*, 760 F. Supp. 2d at 1290-94, 1299-1300 (collecting cases concluding that loss or theft of property does not constitute "injury to or destruction of property"); *see also Lamb v. Randall*, 618 P.2d 379, 381 (N.M. Ct. App. 1980) (holding that a statute imposing parental liability for property their son "damaged or destroyed" did not render parents liable for the value of property their son stole because the property was not "physically mutilated or damaged"). Consistent with these

authorities, the phrase "injury to or destruction of property" in Section 66-5-301(A) ordinarily signifies physical mutilation or damage, and not theft. *See Baker v. Hedstrom*, 309 P.3d 1047, 1054-55 (N.M. 2013) (indicating that in construing the language of a statute, the New Mexico Supreme Court presumes that the legislature is aware of existing common law, and that its enactments are consistent therewith).

Turning next to the question of legislative intent, the New Mexico Supreme Court has held that Section 66-5-301 was implemented to protect the public against "the hazard of culpable uninsured motorists." *Phoenix Indem. Ins. Co. v. Pulis*, 9 P.3d 639, 642 (N.M. 2000); *see Romero v. Dairyland Ins. Co.*, 803 P.2d 243, 245 (N.M. 1990) (stating that Section 66-5-301 was intended to make uninsured motorist coverage a part of every automobile liability insurance policy issued in this state, thereby expanding insurance coverage "to protect individual members of the public against the hazard of culpable uninsured motorists").

Plaintiff correctly observes that Section 66-5-301 is a remedial statute to which the New Mexico Supreme Court "has long applied a 'qualitatively different analysis' than [it uses] when construing many other types of statutes." *Jordan*, 245 P.3d at 1219; (Doc. 5 at 4.) While it is true that the New Mexico Supreme Court has liberally construed Section 66-5-301 in favor of insureds, *Jordan*, 245 P.3d at 1219, that court has also clarified that "uninsured motorist coverage is not intended to provide coverage in every uncompensated situation." *State Farm Auto. Ins. Co. v. Ovitz*, 873 P.2d 979, 982 (N.M. 1994). Comprehensive insurance coverage usually protects against the distinct hazard of vehicle theft, Plitt *et al.*, Couch on Insurance, § 156.32; and Plaintiff has not presented, nor has the Court uncovered, any authority for the proposition that vehicle theft falls under the umbrella of uninsured motorist coverage as well. To construe Section 66-5-301—a statute intended to remedy the hazard of culpable uninsured

motorists—to cover theft, would expand the scope of the statute well beyond its purpose. It would also add a requirement that the New Mexico Legislature could have, but did not include in the statute, namely, that every automobile liability insurance policy in New Mexico provide coverage for auto theft. The Court cannot reasonably conclude that the New Mexico Supreme Court would take such a view. *See State ex rel. Klineline*, 749 P.2d at 1114 (stating that the New Mexico Supreme Court will not add requirements to a statute or read into it language that is not there).

Finally, Section 66-5-301(A), when viewed as part of Section 66-5-301 as a whole, forecloses any reasonable possibility that the New Mexico Legislature intended uninsured motorist policies to compensate insureds for vehicle theft. As previously discussed, Section 66-5-301(B) requires the uninsured motorist coverage under Section 66-5-301(A) to include underinsured motorist coverage. *Id.* Critically, Subsection (B) goes on to define an "underinsured motorist" as "*an operator of a motor vehicle*" whose liability insurance "at the time of *the accident*" is less than the limits of liability under the insured's uninsured motorist coverage. *Id.* (emphasis added).

Read together as parts of a harmonious whole, Subsections (A) and (B) unequivocally indicate that the New Mexico Legislature intended Section 66-5-301 to require automobile liability insurers to provide coverage for, *inter alia*, "injury to or destruction of property" arising from an "accident" with the "operator" of an uninsured or underinsured motor vehicle.[5] As such, Section 66-5-301 as a whole contradicts the notion that uninsured motorist policies must also provide coverage for the circumstances alleged in Plaintiff's Complaint—where there has been

---

[5] Section 66-5-301 also requires coverage for "bodily injury, sickness or disease, including death." NMSA 1978, § 66-5-301(A). Neither party alleges that such coverage is applicable to Plaintiff's claims in this case.

no "accident," Plaintiff's property has not been "injured" or "destroyed," and the "operator[] of [an] uninsured motor vehicle[]" did not cause the claimed loss.

In summary, Section 66-5-301 was intended to protect insureds from the hazard of uninsured motorists. Although the New Mexico Supreme Court construes this remedial statute broadly in favor of the insured, the theory that this statute also protects against vehicle theft goes beyond broad construction. Rather, it purports to add a requirement the New Mexico Legislature did not express or imply, namely, that every automobile liability insurance policy in New Mexico must provide coverage for loss of use arising from the theft of a vehicle. Accordingly, the Court predicts that the New Mexico Supreme Court would conclude that "injury to or destruction of property" as used in Section 66-5-301(A) does not include vehicle theft.

Plaintiff's authorities do not persuade the Court otherwise. Plaintiff cites *United States Fidelity & Guaranty Co. v. Mayor's Jewelers of Pompano, Inc.*, 384 So. 2d 256 (Fla. Dist. Ct. App. 1980) ("*Fidelity*"), and *Hofing GMC Truck, Inc. v. Kay Wheel Sales Co., Inc.*, 543 F. Supp. 414 (E.D.P.A. 1982) ("*Hofing*"), for the proposition that the phrase "property damage" should be construed broadly to include theft. (Doc. 5 at 4-6.) The Court, having examined these cases, does not believe that they would persuade the New Mexico Supreme Court to read Section 66-5-301 as Plaintiff wishes.

In *Hofing*, the United States District Court for the Eastern District of Pennsylvania construed a liability insurance policy issued to a security service. 543 F. Supp. at 415-16. After a tractor was stolen from a company that had retained the security service to guard its property, the company sought to recover its losses under the security service's liability insurance policy. *Id.* That policy insured the security service's liability for "property damage," including "the loss of use of tangible property which has not been physically injured or destroyed provided such loss

of use is caused by an occurrence during the policy period." *Id.* at 417. The *Hofing* court concluded that the tractor theft constituted "property damage" as the policy at issue defined it, reasoning that "if property is stolen, the rightful possessor is necessarily no longer able to use that property . . . , he suffers a 'loss of use' in the plain, ordinary sense of those words." *Id.* at 418.

The *Hofing* facts are clearly distinguishable from those Plaintiff has alleged in this case. Unlike the policy construed in *Hofing*, neither the policy at issue here nor Section 66-5-301 expressly mandates coverage for the loss of use of property that has not been physically injured or destroyed. Thus, *Hofing* does not persuade this Court that the New Mexico Supreme Court would construe Section 66-5-301(A) to cover such losses.

In *Fidelity*, the Florida District Court of Appeal construed an insurance policy that insured a jewelry store against losses sustained because of property damage. 384 So. 2d at 257. The policy defined "property damage" as "injury to or destruction of tangible property." *Id.* The court reasoned that "property is damaged to the extent that its market value is diminished[,]" and "[w]hen property is stolen, its market value to the one who lawfully possessed it is totally diminished"; therefore, "theft of personal property is 'property damage' unless contrary intent is clearly expressed." *Id.*

Although *Fidelity* supports Plaintiff's position, the Court does not believe that the New Mexico Supreme Court would follow *Fidelity* in construing Section 66-5-301. First, the *Fidelity* court's holding is contrary to the great weight of relevant authority. *Collin*, 26 Cal. Rptr. 2d at 407-08; *Arnold I*, 760 F. Supp. 2d at 1290-94, 1299-1300; *Lamb*, 618 P.2d at 381. Second, to follow *Fidelity* in construing Section 66-5-301 would, for the reasons discussed above, be

inconsistent with the statute's purpose and out of step with the basic principles of statutory construction the New Mexico Supreme Court employs.

## IV.     Conclusion

For the reasons stated herein, the Court concludes that the phrase "injury to or destruction of property" as used in Section 66-5-301 and in the uninsured motorist policy at issue, does not include the theft and resultant loss of Plaintiff's truck as alleged in his Complaint. Thus, the Court finds that Defendant had no contractual obligation to cover the loss and will dismiss Plaintiff's breach of contract claim based on Defendant's refusal to provide such coverage. The Court will also dismiss Plaintiff's declaratory judgment claim as moot. Having resolved the matter on the foregoing grounds, the Court declines to consider the remaining arguments in Defendant's Motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss (Doc. 3), is **GRANTED**, and Plaintiff's Complaint for Declaratory Judgment and Damages (Doc. 1-1) is **DISMISSED**.

**IT IS SO ORDERED.**

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**
**Presiding by Consent**